UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

MICHAEL STROUD, JR.,                )
                                    )
        Petitioner,                 )          No. 6:22-CV-167-REW
                                    )
v.                                  )
                                    )
UNITED STATES OF AMERICA,            )          OPINION AND ORDER
                                    )
        Respondent.                 )

*** *** *** ***

Michael Stroud, Jr. is an inmate at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Stroud filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* DE 1. This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons below, the Court **DENIES** Stroud's petition.

In 2017, the United States charged Stroud with possessing a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). *See United States v. Stroud*, No. 4:17-cr-010 at E.C.F. No. 1 (N.D. Ga. 2017). Stroud waived indictment and pleaded guilty pursuant to a negotiated plea agreement. *See id.* at E.C.F. No. 4. In that agreement, the parties jointly recommended the statutory maximum sentence of 120 months' incarceration, and the Government agreed to dismiss the indictment pending against Stroud in another case. *See id.* at E.C.F. No. 45 (explaining the plea agreement). The United States District Court for the Northern District of Georgia then determined that Stroud's advisory sentencing guidelines range was 140 to 175 months' imprisonment, but it recognized that he was facing a statutory maximum sentence of 120 months' imprisonment. *See id.* at E.C.F. No. 20 at 5. Ultimately, that court sentenced Stroud to the 120-

1

month maximum term of imprisonment. *See* E.C.F. No. 10. Stroud did not file a direct appeal, and while he subsequently tried to vacate his sentence pursuant to 28 U.S.C. § 2255, the efforts were unsuccessful. *See id.* at E.C.F. Nos. 34, 42, 43, 47, 49.

Stroud then filed a § 2241 petition with this Court, along with an 18-page "memorandum of law" in support. *See Stroud v. United States*, No. 6:19-cv-00218-WOB, at E.C.F. Nos. 1, 1-1 (E.D. Ky. 2019). Stroud argued that the Northern District of Georgia miscalculated his advisory sentencing guidelines range. *See id.* Specifically, Stroud suggested that the trial court erroneously determined that his prior Georgia aggravated assault and burglary convictions constituted crimes of violence, resulting in improper enhancements under the sentencing guidelines. *See id.* at E.C.F. No. 1-1 at 11-17. Stroud cited several cases in support of his arguments, including the United States Supreme Court's decisions in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016). Stroud then asked this Court to "dismiss [the] illegal enhancements and sentence [him] to [the] correct applicable sentencing [range] under the United States Sentencing Guidelines of 57-71 Months." *Stroud*, No. 6:19-cv-00218-WOB, at E.C.F. No. 1 at 8.

This Court, however, denied Stroud's petition and entered a corresponding Judgment in favor of the Respondent. *See id.* at E.C.F. Nos. 6, 7. The Court explained that Stroud's petition constituted an impermissible collateral attack on his underlying sentence. *See id.* at E.C.F. No. 6. To be sure, the Court acknowledged that there are limited circumstances under which a prisoner can challenge his federal sentence in a § 2241 petition. *See id.* (citing *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016)). Indeed, the saving clause of 28 U.S.C. § 2255(e) creates a narrow relief portal, with particular requirements. However, the Court determined that those circumstances simply did not apply to Stroud's case. *Stroud*, No. 6:19-cv-00218-WOB, at E.C.F. No. 6. The

2

Court pointed out that, among other problems with Stroud's petition, he had not identified a subsequent, retroactive change in statutory interpretation by the Supreme Court that applied to his case, as required to proceed via § 2241. *See id.* While Stroud relied on *Descamps* and *Mathis*, the Supreme Court decided those cases well before he was even charged in his 2017 criminal case, let alone pled guilty and was sentenced; in other words, those cases were not decided "subsequent" to Stroud's case, and, thus, nothing prevented him from raising his *Descamps* and *Mathis*-related arguments at trial, on direct appeal, and/or in a § 2255 motion. *See id.* Therefore, the Court concluded that Stroud's § 2241 petition was without merit. *See id.* Stroud did not appeal the Court's ruling.

That said, Stroud has now filed the same § 2241 petition with this Court nearly three years later. *See* DE 1. Stroud once again asks the Court to "dismiss [the] illegal enhancements and sentence [him] to [the] correct applicable sentencing [range] under the United States Sentencing Guidelines of 57-71 Months." *Id.* at 8. Stroud also attaches the exact same eighteen-page "memorandum of law" that he previously filed with the Court. *Compare* DE 1-1, *with Stroud*, No. 6:19-cv-00218-WOB, at E.C.F. No. 1-1. Thus, Stroud is asserting the selfsame legal arguments this Court already rejected.[1]

Given this history, the Court will summarily deny Stroud's latest petition as baseless. Stroud cites no legal authority that would allow him to proceed once more via § 2241, when this Court has already fully considered and rejected his claims. And, in any event, the United States Court of Appeals for the Sixth Circuit has made it clear "that a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Wright v. Spaulding*, 939

---

[1] This is true even though the § 2241 form Stroud completed specifically asked him if he had "filed any previously lawsuits related to [his] present claim(s)," and he checked the box saying "no." DE 1 at 8.

F.3d 695, 705 (6th Cir. 2019). Here, Stroud has clearly had numerous opportunities to pursue his arguments for relief, including at trial, in a direct appeal, in his § 2255 motion, and in his prior § 2241 petition. In short, Stroud's latest attempt to collaterally attack his underlying sentence is unavailing, and, consistent with Sixth Circuit case law, the Court will dismiss his petition for lack of subject matter jurisdiction. *See Taylor v. Owens*, 990 F.3d 493, 499-500 (6th Cir. 2021).

Accordingly, the Court **ORDERS** as follows:

1. The Court **DISMISSES** Stroud's petition for a writ of habeas corpus (DE 1) for lack of subject matter jurisdiction;

2. The Court **DIRECTS** the Clerk to dismiss this matter and strike it from the Court's docket; and

3. The Court will enter a corresponding Judgment.

This the 23rd day of March, 2023.

Signed By:

*Robert E. Wier*

United States District Judge